FILED
2010 JUN 24 AM 11:49
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ROBERT SESMA,
Petitioner,
vs.
ROBERT J. HERNANDEZ,
Respondent.

CASE NO. 07cv539 WQH (JMA)

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion for Certificate of Appealability filed by Petitioner Robert Sesma. (Doc. # 16).

**BACKGROUND**

This action challenges a denial of parole. On March 21, 2007, Petitioner, a state prisoner, initiated this action by filing his Petition for Writ of Habeas Corpus in the Central District of California. (Doc. # 1 at 8). On March 22, 2007, the case was transferred to this Court. *See id.* at 1. On October 30, 2007, the Court denied the Petition. (Doc. # 8). On November 11, 2007, Petitioner filed a Notice of Appeal. (Doc. # 10). On the same date, Petitioner filed a Motion for a Certificate of Appealability from this Court. (Doc. # 11). On November 28, 2007, this Court denied the motion on the grounds that a Certificate of Appealability was "'not required where a state prisoner challenges an administrative decision regarding the execution of his sentence.'" (Doc. # 12 at 2) (citing *Rosas v. Nielsen*, 428 F.3d

1229, 1231 (9th Cir. 2005)). On April 22, 2010, the United States Court of Appeals for the Ninth Circuit issued a decision in *Hayward v. Marshall*, 603 F.3d 546, 552 (9th Cir. 2010) (en banc), which held that a certificate of appealability is required where a state prisoner challenges a parole decision. On May 28, 2010, the Ninth Circuit issued an order remanding this case "for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience." On June 1, 2010, Petitioner filed a Motion for Certificate of Appealability. (Doc. # 16). On June 8, 2010, Respondent filed an opposition to the motion. (Doc. # 17).

**ANALYSIS**

"The standard for a certificate of appealability is lenient." *Hayward*, 603 F.3d at 553. However, a certificate of appealability should be issued only where the petition presents a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner raised three grounds in his petition: (1) application of the new Determinate Sentencing Law in adjudicating Petitioner's parole violated the ex post facto clause; (2) the denial of Petitioner's parole was not supported by the evidence in the record, violating his due process rights; and (3) deferring Petitioner's next parole hearing for an extra year violated due process. *See* Doc. # 1 at 16-17.

Petitioner contends that a certificate of appealability should be granted because the decision to deny parole relied on "the immutable facts of Petitioner's offense and prior record which, according to *Lawrence* and *Hayward* no longer constitute some evidence of a current unreasonable parole risk after decades of intervening reform." (Doc. # 16 at 2). Petitioner contends that "[t]he only other ground used by the Board in 2005 to deny parole was an alleged need for further substance abuse treatment, but Petitioner had completed all such available programs . . . ." *Id.* Petitioner contends that this finding was also at odds with the opinion of

"all of the Board's forensic psychologists who had evaluated [Petitioner] since 1991 . . . and specifically determined that he does not require further substance abuse treatment or further programming in order to successfully parole." *Id.*

Respondent contends that Petitioner has failed to make a substantial showing of the denial of a constitutional right. (Doc. # 17 at 2). Respondent contends that *Hayward* determined that there was no constitutional requirement that "some evidence" support a denial of parole and that habeas review of parole proceedings is limited to determining "only whether California's parole review procedures are fundamentally fair [] and . . . whether California provided the procedures promised." *Id.* at 3-4. Respondent contends that reasonable jurists could not disagree as to whether California "provided [Petitioner] with the state procedures it promised him, including judicial review by the state courts for the existence of some evidence." *Id.* at 4.

The Ninth Circuit has rejected the argument that the application of California's Determinate Sentencing Law in adjudicating a prisoner's parole where the prisoner was sentenced under the prior Indeterminate Sentencing Law violates the ex post facto clause. *See Conner v. Estelle*, 981 F.2d 1032, 1033-34 (9th Cir. 1992) ("We agree with the California courts that have considered the issue and hold that the application of the DSL parole suitability guidelines to prisoners sentenced under the ISL does not disadvantage them, and therefore does not violate the federal constitutional prohibition against ex post facto laws."). In light of this ruling, Petitioner is not entitled to a certificate of appealability as to his first ground for relief.

In reviewing a petition for a writ of habeas corpus by a California state prisoner based on a denial of parole, a federal court must determine "whether the California judicial decision approving . . . [a] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' [of future dangerousness] requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hawyard*, 603 F.3d at 563. The board relied on a number of factors in denying Petitioner parole including the "cruel and callous manner" in which Petitioner committed his crimes, the fact that there

were multiple victims, and Petitioner's failure to "sufficiently participate[] in self-help or therapy programs." (Doc. # 6 at 10-11). Petitioner contends, however, that he had already completed all available self-help and therapy programs and that the Board's own forensic psychiatrists concluded Petitioner did not need further treatment. (Doc. # 1 at 47-48). Although the Court denied Petitioner's habeas Petition, the Court finds that Petitioner raised colorable, nonfrivolous, constitutional arguments with respect to Petitioner's second ground for relief.

California law permits the parole board to issue a two-year denial. *See* Cal. Penal Code § 3041.5(b)(2). There is no clearly established federal law requiring prisoners to receive yearly parole adjudications. Petitioner is not entitled to a certificate of appealability as to his third ground for relief.

**CONCLUSION**

IT IS HEREBY ORDERED THAT Petitioner's Motion for a Certificate of Appealability (Doc. # 16) is **GRANTED**.

DATED: 6/24/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE